**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
|     Respondent/Plaintiff | : | 7:13-cr-00513-CS-1 |
| | : | |
| V | : | |
| | : | |
| Melanie Ferreira | : | |
| Petitioner/Defendant | : | **Presented by Affidavit** |
| In Propia Personna | : | |

————————————————————————X   Verified

## MOTION TO DISMISS BASED ON JUDICIAL MISCONDUCT

## AND DEMAND FOR AN IMMEDIATE HEARING

Comes now Petitioner/Defendant, a living breathing woman and moves the court to dismiss the case for JUDICIAL MISCONDUCT. Once evidence of violations of the judge's oath of office and 28 USC sections 454 and 455 were evidence to the judge, the judge should have voluntary recused herself due to a conflict of interest. **Petitioner presents this motion as an Offer of Proof. If a jury charge exists, then any judge presiding over this case should present the judicial misconduct claim to the jury.**

This Offer of Proof is presented as an affidavit. This follows the holding in _U.S. v. Kis_: 658 F.2d 56 (7th Cir. 1981), which states: "Indeed, no more than that [Affidavits], is necessary to make the prima facie case." Id. at 536. "Moreover the threshold of relevance is a low one." Id. at 537. "The burden is therefore on the Respondent who must come forward with special facts to support a legally sufficient rebuttal or defense." Id. At 538-39. An affidavit in commerce stands as fact unless a counter-affidavit is presented or original authenticated evidence is presented.

The facts have been proven in the case.

Petitioner has no mens rea in this case.

Petitioner does not meet the definition of materiality.

The government has not provided all evidence required to prove Petitioner's innocence.

The CIPA violations alone require the case to be dismissed.

The prosecutor has not been candid with the court.

The court itself has rejected all claims of Petitioner without making findings of fact and conclusions in law, as is required by Due Process, in essence, denying Petitioner's right to appeal.

The judge is acting as a second prosecutor, not as an independent tribunal, in violation of 28 USC; section 454.

Included in the definition of structural errors, is the right to an impartial judge, i.e., the right to a judge who follows the Constitution and Supreme Court precedent and upholds the oath of office. See, e.g., *Neder v. United States*, supra, 527 U.S. at 8 ("biased trial judge" is 'structural [error],' and thus [is] subject to automatic reversal"); *Edwards v. Balisok*, 520 U.S. 641, 647 (1997) ("A criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him."); *Johnson v. United States*, 520 U.S. 461,469 (1997); *Sullivan v. Louisiana*, 508 U.S. at 279; *Rose v. Clark*, 478 U.S. 570, 577-78 (1986); *Tunney v. Ohio*, 273 U.S. 510, 523 (1927).

Petitioner now has new evidence, which proves the court without jurisdiction.

Petitioner presents an offer of proof related to this evidence and demands an immediate hearing related to this evidence. The court cannot refuse an offer of proof. See *Haines v. Kerner*, 404 U.S. 419 (1972).

Petitioner now moves the court in the interest of justice, to dismiss this case with prejudice, or alternatively, stop the trial process and hold an immediate hearing related to the matters in question.

**Jurat**

Under penalty of perjury, pursuant to 28 USC section 1746, I declare that I have reviewed the motion presented herein, and that all facts are true and correct.

Dated: _January 23, 2014_

Respectfully submitted,

Melanie elizabeth: Ferreira

**CERTIFICATE OF SERVICE**

I, _Melanie elizabeth: Ferreira_ certify that on this _23rd_ day of _January ___ 2014_, a true and correct copy of the foregoing was served on opposing counsel and the following parties.

Honorable Kathy Seibel
300 Quarropas Street
White Plains, NY 10601


U.S. Attorney for the Southern District of NY
Jason P.W. Halperin
300 Quarropas Street
White Plains, NY 10601