RECEIVED
1/27/2014
afc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
                         :

UNITED STATES OF AMERICA,              S1 13 Cr. 513 (CS)

           - against -             :

                        :        **DEFENDANT'S PROPOSED**

MELANIE FERREIRA,              **JURY INSTRUCTIONS**
      In Propia Personna        :

                        :

                Defendant.    :

-------------------------------------------------X

       Defendant, MELANIE FERREIRA, respectfully requests that the Court instruct the jury

on the law as set forth in the jury instructions hereto annexed.   Notably, the defendant has not

included several of the standard general instructions given by the Court in every case (i.e. duty of

the Court, counsel and the jury, note taking, variance in dates, stipulations, etc.).

      Dated:  New York, New York on *Jan. 27, 2014*

                              By *Melanie elizabeth ferreira*
                               *Authorized Representative of*
                               *MELANIE FERRERIA*
                               *All Rights Reserved*

# I. <u>GENERAL INSTRUCTIONS:</u>

## <u>Presumption of Innocence and Burden of Proof</u>

The law presumes the Defendant to be innocent of all the charges against her. This presumption of innocence alone is sufficient to acquit a defendant. The defendant Melanie Ferreira, is not guilty to the charges against her. The burden is on the Government to prove guilt beyond a reasonable doubt. This presumption was with the Defendant when the trial began, it is with the Defendant now, and it remains with the Defendant throughout your deliberations until such time, if ever, you are convinced, after a careful and impartial consideration of all of the evidence in this case, that the Government has proved the Defendant guilty beyond a reasonable doubt. This burden never shifts to the Defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

*Authority,* Adapted from Judge Pauley's Charge in *United States v. Daugerdas,* S6 09 Cr. 581 (WHP)                                                                          (S.D.N.Y.).

**Reasonable Doubt**

The Government must prove the Defendant guilty beyond a reasonable doubt. The question naturally arises: what is a reasonable doubt? The words almost define themselves. It is a doubt based in reason and arising out of the evidence in the case, or the lack of evidence. It is a doubt that a reasonable person has after carefully weighing all of the evidence in the case.

Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience and your common sense. If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of the Defendant, that you do not have an abiding and firm belief of the Defendant's guilt; in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate to act in a matter of importance in his or her own affairs, then you have a reasonable doubt, and in that circumstance it is your duty to acquit.

On the other hand, if after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of the Defendant's guilt—a belief that a prudent person would not hesitate to act on in a matter of importance in his or her own affairs—then you have no reasonable doubt, and under such circumstances it is your duty to convict.

Reasonable doubt is not whim or speculation. It is not an excuse to avoid the performance of an unpleasant duty. Nor is it sympathy for one party or the other. "Beyond a reasonable doubt" does not mean a positive or mathematical certainty. The Government has met its burden if the guilt of the Defendant is established beyond a reasonable doubt, not beyond all possible doubt. *Authority,* Adapted from Judge Pauley's Charge in *United States v.*

*Daugerdas*, S6 09 Cr. 581 (WHP) (S.D.N.Y.).

## Rulings on Evidence and Objections

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations between the parties. You may not consider exhibits, which have been marked for identification but not received, as evidence. Only those exhibits received may be considered as evidence. Similarly, you are to disregard any testimony that the Court has stricken. Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

*Authority*, Adapted from Judge Pauley's Charge in *United States v. Daugerdas*, S6 09 Cr. 581 (WHP) (S.D.N.Y.).

## Direct and Circumstantial Evidence

There are two types of evidence that you may consider in reaching your verdict—direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, where a witness testifies to what he or she saw, heard or did, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, you may remember the story of Robinson Crusoe, who was marooned on a deserted island.  He spent years thinking he was alone, until one day, as he walked along the beach, he noticed large footprints in the sand.  Because his feet were too small to have made them, Robinson concluded that somebody else must have left the footprints, even though he had not seen anyone else—in other words, he had no direct evidence of that fact.  But, it would be reasonable for him to conclude from the footprints on the beach that, in fact, he was not alone.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence, and you can consider either or both, and can give them such weight as you conclude is warranted.

*Authority,* Adapted from Judge Pauley's Charge in *United States v. Daugerdas,* S6 09 Cr. 581 (WHP) (S.D.N.Y.).

## **Charts and Summaries**

Some of the exhibits in this case are charts and summaries.  These charts and summaries were admitted merely as analyses and summaries of voluminous documents.   They are not themselves, however, direct evidence of the transactions.  It is the underlying evidence that determines what weight, if any, these charts and summaries deserve.  It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and exhibits on which they are based.  You are entitled to consider the charts and summaries if you find that they assist you in analyzing and understanding the evidence.

*Authority,* Adapted from Judge Pauley's Charge in *United States v. Daugerdas,* S6 09 Cr. 581 (WHP) (S.D.N.Y.).

**Credibility of Witnesses**

You have had an opportunity to observe all of the witnesses.  How do you evaluate the credibility or believability of those witnesses?  The answer is that you use your plain common sense.  Was the witness candid, frank and forthright?  Or, did the witness appear evasive as if he or she was trying to hide something?

How much you choose to believe a witness may be influenced by the witness's bias. Does the witness have a relationship with the Government or a defendant, which may affect the witness's testimony?  Does the witness have some incentive, loyalty or motive that might cause the witness to shade the truth?  Or does the witness have some bias, prejudice or hostility that may have caused the witness, consciously or not, to give you something other than a completely accurate account of the facts?

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged.  You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons, that the testimony is not worthy of belief.

If you find that a witness willfully testified falsely, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath, you should view the testimony cautiously and weigh it with great care.  It is, however, for you to determine how much of the witness's testimony, if any, you wish to believe.

Thus, there is no formula by which you can evaluate testimony.  You determine for yourself every day and in a multitude of circumstances the reliability of statements made to you by others.  You may consider the interest of any witness in the outcome of this case, and this is

true regardless of who called or questioned that witness.

Indeed, the issue of credibility may, but need not, be decided in an all-or-nothing fashion. If you find that a witness testified falsely in one part you still may accept his or her testimony in other parts, or you may disregard all of it. That is a determination entirely for you, the jury.

*Authority,* Adapted from Judge Pauley's Charge in *United States v. Daugerdas,* S6 09 Cr. 581 (WHP) (S.D.N.Y.).

## Impeachment By Prior Inconsistent Statement

You have heard evidence that some of the witnesses made statements prior to trial that are inconsistent with the testimony they provided during this trial.  Evidence of these prior inconsistent statements are not to be considered by you as affirmative evidence of the defendant's guilt.  Rather, this evidence was placed before you for the limited purpose of deciding whether to believe the trial testimony of any witnesses who were claimed to have made prior inconsistent statements.  If you find that the witness did make earlier statements that contradict their trial testimony, you may take that fact into consideration when deciding how much of that witnesses trial testimony, if any, you should believe.  In making this determination, you may consider whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.  It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and, if so, how much weight, if any, should be given to the inconsistent  statement in assessing whether to believe all or some of the witnesses testimony.

*Authority,* Adapted from Sand, Instr. 7-19 (2011).

9

### Internal Revenue Service Witnesses

You have heard the testimony of a Revenue Agent of the Internal Revenue Service. The fact that the Internal Revenue Service employs this Agent does not mean that his/her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, the defendant is allowed to try to attack the credibility of such a witness on the ground that his/her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the Agent, as it is with every other type of witness, and to give to his/her testimony the weight you find it deserves.

*Authority,* Adapted from Judge Pauley's Charge in *United States v. Daugerdas,* S6 09 Cr. 581 (WHP)                                                                                                       (S.D.N.Y.).

10

## Testimony of Cooperating Witnesses

You have heard from witnesses who testified that they were actually involved in planning and carrying out certain of the crimes charged in the Indictment. The law allows the use of cooperating witness testimony. Indeed, it is the law in federal courts that such testimony may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the interest a cooperating witness may have in testifying, his or her testimony should be scrutinized with special care and caution. You can consider the fact that a witness is a cooperator as bearing upon his or her credibility. Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you. If you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.

You should ask yourselves whether a cooperating witness would benefit more by lying, or by telling the truth. Did this motivation color his or her testimony? Did the witness believe that his or her interests would be best served by testifying falsely or by testifying truthfully? If you find that the testimony was false, you should reject it.

Finally, you have heard testimony from cooperating witnesses who plead guilty to charges arising in part out of the same facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial merely from the fact that a prosecution witness pled guilty to similar charges. That witness' decision to plead guilty was a personal decision about his own guilt. It in no way changes the presumption of innocence that applies to the Defendant who is on trial here, a presumption that

remains with her throughout the trial and into your jury deliberations unless and until you conclude that the Government has proven the Defendant's guilt by competent evidence beyond a reasonable doubt.

*Authority,* Adapted from Judge Pauley's Charge in *United States v. Daugerdas,* S6 09 Cr. 581 (WHP)                                                                                                      (S.D.N.Y.).

## Expert Opinion Testimony

You have heard testimony from an expert witness.  An expert witness is a witness who, by education or experience, has acquired specialized knowledge with respect to a particular topic or area of study.  Such a witness is permitted to provide an opinion as to relevant matters in which he/she professes to be knowledgeable and give his/her reasons for his/her opinions. His/her testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to an expert witness just as it does to other witnesses.  You should consider the expert witness' opinions and give them as much or as little weight as you think they deserve.  If you should decide that the expert witness' opinion was not based on sufficient education or experience or on sufficient data, or if you should conclude that his/her trustworthiness or credibility is questionable for any reason, or if his/her opinion was outweighed in your judgment by other evidence in the case, then you might disregard the expert witness' opinion entirely or in part.

On the other hand, if you find that the expert witness' opinion is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance on his testimony.

*Authority.* Adapted from Judge Pauley's Charge in *United States v. Daugerdas,* S6 09 Cr. 581 (WHP) (S.D.N.Y.).

## **Defendants' Right Not to Testify**

The Defendant in this case did not testify.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the Defendant.  A defendant is presumed innocent and is never required to prove that he is not guilty.

You may not attach any significance to the fact that the Defendant did not testify.  You may not draw any adverse inference against the Defendant because she did not take the witness stand.  You may not consider this against the Defendant in any way in your deliberations.

*Authority*, Adapted from Judge Pauley's Charge in *United States v. Daugerdas*, S6 09 Cr. 581 (WHP)                                                                                                    (S.D.N.Y.).

## **Testimony by Defendant**

Ms. Ferreira does not have a duty to testify or come forward with any evidence.  Under the Constitution, she has no obligation to testify or present evidence of any kind, because it is the government's burden to prove her guilt beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to Ms. Ferreira.  She need not prove that she is innocent.

In this case, Ms. Ferreira did testify and was subject to cross-examination like any other witness. You should examine and evaluate her testimony just as you would the testimony of any other witness in the case.

*Authority:* Adapted from Judge Baer's Model Charge; adapted from Sand, Instr. 5-21.

## II. **THE CHARGES**

The Defendant, Melanie Ferreira, is formally charged in an Indictment.  As the Court instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence or proof of the charge.  Before you begin your deliberations, you will be provided with a copy of the Indictment containing the charges.  Remember: only the crimes charged in this case are relevant to your deliberations.

With every criminal charge there are certain basic facts that the Government must prove beyond a reasonable doubt before a defendant may be found guilty.  These basic, necessary facts are called elements of the offense.  The Court will now explain to you, first in general terms and then in detail, what the Indictment charges against the Defendant and what the essential elements of the charges are.

The Indictment in this case contains four counts.  Count One of the indictment charges the Defendant, Melanie Ferreira, with using a wire, radio, or other electronic transmission, to execute a scheme to defraud the United States and the Internal Revenue Service out of money or property. Count Two charges the Defendant with defrauding the United States and the Internal Revenue Service by filing tax returns seeking refunds of taxes purportedly paid, knowing such claims to false, fictitious, and fraudulent. Count Three charges the Defendant with executing a scheme to defraud a financial institution, in order to fraudulently satisfy the mortgage on her home. Count Four charges the Defendant with obstructing and impeding the Due Administration of the Internal Revenue Laws.

*Authority.* Adapted from Judge Pauley's Charge in *United States v. Daugerdas,* S6 09 Cr. 581 (WHP) (S.D.N.Y.).

## General Instructions on Criminal Tax Law

The Court will now turn to the charges in this case. Three of the charges in this case relate to the federal tax laws.

The Court instructs you first that the income tax laws are constitutional and valid and everyone has a legal obligation to pay income taxes. However, a taxpayer is entitled to arrange his or her affairs in any lawful manner to minimize the payment of taxes. But this case is not about the actual collection of any income taxes that may be due to the United States, this is a criminal case about fraud.

The Government brings this case to enforce laws that make it a crime to devise and execute schemes to defraud the United States and the Internal Revenue Service, for the purposes of obtaining money and property under false pretenses. Overall, what you should keep in mind is that a person cannot be guilty of violating the federal tax laws if he or she believed that his or her conduct was lawful, even if it turns out that he or she was wrong about the law.

*Authority,* Adapted from Judge Pauley's Charge in *United States v. Daugerdas,* S6 09 Cr. 581 (WHP) (S.D.N.Y.).

## **Count One: Wire Fraud**

In Count One of the Indictment, Melanie Ferreira, is accused of committing the offense of wire fraud. For you to find Ms. Ferreira guilty of wire fraud, you must be convinced that the Government has proven each of the following elements beyond a reasonable doubt:

> **_First_**, at the time alleged in the Indictment, Ms. Ferreira devised or participated in a scheme or plan to defraud the Internal Revenue Service and obtain money or property;
>
> **_Second_**, that Ms. Ferreira acted willfully and knowingly and with the intent to defraud;
>
> **_Third_**, that any false representations relate to a material fact;
>
> **_Fourth_**, that Ms. Ferreira used, or caused to be used, a wire transmission in interstate or foreign commerce for the purpose of executing the scheme to defraud.

### *"Scheme to Defraud"*

A "scheme to defraud" is any plan, device or course of action to obtain money or property by means of false or fraudulent pretenses or representations, and reasonably calculated to deceive persons of ordinary prudence. A statement is false if it is untrue when made and then known to be untrue by the individual making the statement or causing it to be made. A statement is fraudulent if it was falsely made with an intention to deceive.

"Fraud" is a general term, which embraces all false or misleading efforts that an individual may use to take advantage of others through false representations. The advantage sought must involve money, property, or other things of value.

### *"Knowingly, Willfully and Intent to Defraud"*

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

18

"Willfully" means to act knowingly and purposely, with intent to do something the law forbids. In other words, acting with bad purpose to either disobey or disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing loss of money or property to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for the jury to determine. This inquiry goes towards the defendant's state of mind. Since an essential element of this offense is intent to defraud, it follows that the defendant's good faith is a complete defense to this charge. Additionally, the defendant has no burden to establish a defense of good faith. The burden remains on the government to prove, beyond a reasonable doubt, that the defendant had a fraudulent intent, and, consequently, a lack of good faith.

Under the wire fraud statute, even false representations do not amount to fraud unless made with fraudulent intent. An honest belief regarding the truth of representations made by the defendant serves as a complete defense to this charge; no matter how inaccurate the representations may later turn out to be.

<em>"Material"</em>

A fact is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to whom or to which it is addressed.

*Authority:* Adapted from 1 Sand *et. al.,* MODERN FEDERAL JURY INSTRUCTIONS, No. 44-5 (citing *United States v. Berkovich,* 168 F.3d 64 (2d Cir. 1999). Good faith instruction was further informed by *United States v. Hamilton,* 3 Fed. Appx. 7, 10 (2d Cir. 2001) and *United States v. Alkins,* 925 F.2d 541, 550 (2d Cir. 1991).

**Count Two: Filing False Claims**

Count Two of the Indictment charges that, from in or about early 2009 to in or about April 2010, defendant Melanie Ferreira made and presented to the United States Treasury Department, through the IRS, two claims against the United States for payment, knowing each such claim to be false, ficticious, and fraudulent.

To satisfy its burden of proof with respect to the offense charged in Count Two, the Government must prove each of the following elements beyond a reasonable doubt:

>  **_First_**, that the Defendant, Melanie Ferreira, presented a claim(s) against the United States; and

>  **_Second_**, that the Defendant knew at that time that the claim(s) was false.

### *"Making or Presenting a Claim"*

I instruct you that the Internal Revenue Service is an agency of the United States Government, which is responsible for the collection of tax revenue. Therefore, when a person files with the Internal Revenue Service a request for a tax refund, that person has made or presented a claim against the United States.

### *"Knowingly"*

An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. The Government is not required to prove that the defendant knew that his acts or omissions were unlawful; however, the Government is required to prove that the Defendant knew, at the time that she allegedly made the claim, that the claim she made was false.

You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

<u>*"False"*</u>

A representation of fact is false if it is not true.

*Authority.* Adapted from Judge Brown's Charge in *United States v. Neuman,* 11 Cr. 247 (BR) (D.

Or.) and Judge Simon's Charge in *United States v. Julison,* 11 Cr. 378 (SI) (D. Or.)

## **Count Three: Bank Fraud**

In Count Three of the Indictment, Melanie Ferreira, is accused of committing the offense of bank fraud. For you to find Ms. Ferreira guilty of bank fraud, you must be convinced that the Government has proven each of the following things beyond a reasonable doubt:

>   ***First***, that Melanie Ferreira willfully and knowingly executed a scheme to defraud a financial institution of money or property;

>   ***Second***, that she did so with the intent to defraud;

>   ***Third***, that the false or fraudulent pretenses, representations, or promises were material; and

>   ***Fourth***, that the finanicial institution was federally insured.

### *"Willfully" and "Knowingly"*

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids. In other words, acting with bad purpose to either disobey or disregard the law.

### *"Scheme to Defraud"*

The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat a person or institution out of money or property by means of false or fraudulent pretenses, representations, or promises relating to a material fact.

### *"False" or "Fraudulent"*

A statement or representation is "false" or "fraudulent" if it is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be "false" or "fraudulent" when it constitutes a half truth, or effectively conceals a material fact with intent to defraud.

*"Intent to Defraud"*

Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another. To establish an intent to defraud, the government must prove beyond a reasonable doubt that the defendant contemplated some actual harm or injury to the financial or property interests of their victim. Recognizing the scheme had the capacity to harm is insufficient. Only a showing of intended harm will satisfy the element of fraudulent intent.

Additionally, good faith on the part of the defendant is a complete defense to a charge of wire and bank fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

Bank fraud requires proof of specific intent before the defendant can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent, the Government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law, and with specific intent to deceive for the purpose of causing some financial or property loss to another. In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the purpose of the alleged scheme was to cause harm by depriving another of money or property.

If you have a reasonable doubt about any one of the elements, then you must find the

defendant not guilty of this charge.

*"Material"*

A fact is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to whom or to which it is addressed.

*"Federally Insured Financial Institution"*

A federally insured financial institution is one that is insured by the Federal Deposit Insurance Corporation.

*Authority.* Adapted in part from the charge given in *United States v. Dupree*, 12 Cr. 627 (KAM) (EDNY). Good faith instruction was further informed by *United States v. Hamilton*, 3 Fed. Appx. 7, 10 (2d Cir. 2001) and *United States v. Alkins*, 925 F.2d 541, 550 (2d Cir. 1991).

### Count Four: Corruptly Endeavoring to Obstruct and Impede the Functions of the IRS

Count Four of the Indictment charges that, from in or about 2009 to in or about May 2012, defendant Melanie Ferreira corruptly obstructed and impeded, and endeavored to obstruct and impede, the due administration of the Internal Revenue Laws.

To satisfy its burden of proof with respect to the offense charged in Count Four, the Government must prove each of the following elements beyond a reasonable doubt:

> ***First***, that Melanie Ferreira, acted corruptly and;

> ***Second***, that she did so with the specific intent to impede or obstruct the due enforcement of the Internal Revenue laws.

#### *"Acting Corruptly"*

A person acts corruptly when he or she acts intentionally, voluntarily, and deliberately to secure an unlawful advantage or benefit either for one's self or for another. Acting corruptly requires consciousness of unlawfulness.

#### *"Intent to Impede or Obstruct"*

A person acts with intent to impeded or obstruct the due administration of the Internal Revenue Laws when they make any effort to impeded or obstruct the administration of the tax code. There is no requirement that Ms. Ferreira's actions actually succeeded or had an adverse effect on the Government's investigation or process, nor is the statute limited to situations in which the Defendant attempts to impede the IRS on her own behalf.

It is critical for you to recognize that not all conduct that impedes the lawful functions of a Government agency is illegal. To be unlawful, the conduct must entail fraud, deceit, or other dishonest means. It is not illegal simply to make the IRS's job harder.

*Authority.* Adapted from Judge Pauley's Charge in *United States v. Daugerdas,* S6 09 Cr. 581 (WHP) (S.D.N.Y.).

## **Good Faith Defense**

Good faith is a complete defense to each of the charges in the Indictment. While the term "good faith" has no precise definition, it means, among other things, an honest belief and the intent to perform all lawful obligations. In determining whether the Government has proved that a defendant willfully committed the crimes charged or whether the defendant acted in good faith, you must consider all the evidence bearing on the defendant's state of mind.

A good faith belief is one that is honestly and genuinely held. A person who acts on a belief or on an opinion honestly held lacks the required criminal intent and cannot be found guilty of a crime merely because that belief turns out to be incorrect or wrong. This is true regardless of how wrong, unreasonable, or irrational the defendant's belief was, so long as the belief was held in good faith.

The burden of establishing criminal intent beyond a reasonable doubt rests on the Government. The defendant is under no burden to prove her good faith, rather she does not act willfully if she believes in good faith that her actions comply with the law. Thus, the government solely bears the burden of proving, beyond a reasonable doubt, that the defendant acted knowingly, willfully and with intent to defraud in the absence of good faith.

The good faith of a defendant is a complete defense to all charges because good faith on the part of the Defendant is inconsistent with the requirement that the Defendant knowingly made a false, fictitious, or fraudulent representation or claim.

*Authority.* Adapted from Judge Pauley's Charge in *United States v. Daugerdas,* S6 09 Cr. 581 (WHP)                                                                                                  (S.D.N.Y.).

**Good Faith Reliance on a Tax Preparer**

A defendant's good faith reliance on a qualified tax preparer to whom all relevant information has been provided is a complete defense to all charges because the Defendant's good faith reliance is inconsistent with the requirement that she knowingly submitted a false, fictitious, or fraudulent claim. If the Defendant believes, in good faith, that the defendant's income tax return:

(1) has been prepared by a qualified tax preparer to whom the Defendant has provided all relevant information; and

(2) truthfully and accurately reports all of the taxable income, allowable deductions, and withholding of the taxpayer under the Internal Revenue Service laws, then the Defendant cannot be guilty of knowingly submitting a false, fictitious, or fraudulent claim.

*Authority*, Adapted from Judge Simon's Charge in *United States v. Julison*, 11 Cr. 378 (SI) (D. Or.).

I here by certify that a true and correct Copy was served on the opposing side on January 27, 2014.

Jason Halperin

Judge Cathy Seibel

Respectfully,

Melanie elizabeth ferreira

Authorized Representative for

MELANIE FERREIRA

All Rights Reserved

28